## Sunseri v. PennDOT

*Richard A. Peterson,* for plaintiff.
*Chester Korac,* for PennDOT.

ACKER, *P.J.,* November 14, 1989 — We have for consideration an appeal from license suspension of plaintiff for failure to submit to a blood test. Testimony was taken from which we make the following

### FINDINGS OF FACT

(1) On July 8, 1989, Officer Merle L. Mason, with 16 years' experience as a police officer employed by Pymatuning Township, was called to a residence on 19th Street of that township concerning an "unwanted party."

(2) Officer Mason responded to the call, but prior to reaching the residence was informed that the "unwanted party" had left the residence.

(3) As the officer approached the residence, he, however, found a green Chevrolet pickup truck traveling away from the residence at approximately 50 yards down the street from the residence with a white male behind the driver's wheel.

(4) The officer stopped the vehicle and noted a strong odor of alcohol upon the breath of the driver, William Joseph Sunseri.

(5) The officer told Mr. Sunseri to shut off his truck, including his lights.

(6) Plaintiff, William Joseph Sunseri, alighted from the truck and Officer Mason conducted a field sobriety test including a heel-to-toe test and an index finger test, both of which plaintiff failed.

(7) The officer noted on the driver's door a plastic holder containing a can of beer which was ice-cold. In addition, there were four or five cans of beer which were cold on the seat, the side where plaintiff was seated.

(8) Plaintiff had a strong odor of alcohol upon his breath.

(9) In the opinion of the officer, plaintiff, William Joseph Sunseri, was incapable of safe driving due to the consumption of alcoholic beverages and was charged with driving while under the influence of intoxicating beverages.

(10) Plaintiff was placed in the back seat of the cruiser. Plaintiff stated he wanted to talk to his girlfriend in the residence that he had just left. The officer then went to that residence, but the girl did not want to talk to plaintiff.

(11) Plaintiff was read his *Miranda* rights from the district attorney's card at about 1:15 a.m. and within a few minutes thereafter, he was given his implied consent rights, being at 1:17 a.m.

(12) As the officer proceeded towards the Greenville Hospital, he radioed ahead to Greenville police that he was bringing plaintiff in.

(13) Plaintiff requested permission to make a phone call upon arrival at the hospital to talk to his sister. Officer Mason did not recall his request but stated that he could not be certain that plaintiff did

not so ask and we accept as a fact that he did ask to make a call but was refused consent to do so at the hospital.

(14) The officer did not explain to plaintiff that the law concerning *Miranda* rights is not applicable to the rights granted by statute concerning failure to take a test to determine the quantity of alcohol in one's blood.

(15) At 2 a.m. plaintiff, after being informed of his rights, refused to submit to a blood test although he was warned by the officers on three different occasions that he could lose his license if he did not take the test.

(16) Plaintiff admitted that he had had two or three beers between 11 o'clock and 11:30 p.m.

(17) Plaintiff stated that he was upset because his girlfriend was continually calling him.

Upon these facts this matter must be decided.

## DISCUSSION

It is the contention of plaintiff, William Joseph Sunseri, that this matter is controlled by *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989) and *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). They involve the announcement, interpretation and application of a rule of our Supreme Court explaining the relationship of *Miranda* warnings to cases where a driver is asked to submit to a breathalyzer or blood test.

As noted in *O'Connell*, section 1547(b) of the Vehicle Code requires that the commonwealth establish that the driver involved: (1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to

do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license. *O'Connell, supra,* citing *Everhart v. Commonwealth,* 54 Pa. Commw. 22, 420 A.2d 13 (1980).

In the case at bar, the commonwealth met its burden by establishing the four elements articulated in *Everhart.* The burden of proof then shifted to petitioner to prove that he was not capable of making a knowing and conscious refusal to take the test. As discussed below, because of the rule set forth in *O'Connell, supra,* and followed in *McFadden, supra,* we find that petitioner met his burden and his license must be reinstated.

As stated in *O'Connell, supra,* in many cases in which the police are investigating a possible driving while under the influence charge, the defendant is given his *Miranda* warnings. If the arrestee hesitates and attempts to exercise his *Miranda* rights by asking for a lawyer or asking to make a phone call, a refusal is recorded. This is wrong because an arrestee who is not trained to recognize the difference between a civil and criminal investigation can easily become confused and become a target of manipulation by the police. *Id.* Therefore, the rule as stated in *O'Connell* is that:

"[I]n addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test, and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

"An arrestee is entitled to this information so that his choice to take a breathalyzer test can be knowing and conscious and we believe that requiring the police to qualify the extent of the right to counsel is

neither onerous nor will it unnecessarily delay the taking of the test." *O'Connell, supra.*

Shortly after the *O'Connell* decision, the Pennsylvania Supreme Court applied its teachings in *Commonwealth v. McFadden, supra.* In *McFadden,* after the officer read the defendant his *Miranda* rights, the defendant was then asked to submit to a breathalyzer test. The defendant refused and asked to make a phone call. A refusal to submit to the test was recorded and sent to the Department of Transportation, Bureau of Traffic Safety. The Supreme Court ruled that since the police did not give appellant the information required by *O'Connell* to satisfy its requirements that a licensee make a knowing and conscious refusal, they would apply the holding of *O'Connell* and conclude that the appellant had sustained his burden to demonstrate that his refusal was not knowing and conscious. *McFadden, supra.*

In the instant case the facts reveal that the petitioner has sustained his burden of demonstrating that his refusal was not knowing and conscious. Petitioner was arrested and read his *Miranda* rights at 1:15 a.m. Almost immediately following the reading of his rights, petitioner was given his implied consent rights. Petitioner, on the way to the hospital, requested that he be allowed to call his sister. Once at the hospital petitioner refused to submit to a blood test despite being warned by the officer three times that he could lose his license if he did not take the test. The officer failed to explain to petitioner that the law concerning *Miranda* rights was not applicable to the rights granted by statute concerning failure to take a test to determine the quantity of alcohol in one's blood. Thus, the rule in *O'Connell, supra,* and *McFadden, supra,* requires

that we find that petitioner did not make a knowing and conscious refusal to take the blood test.

## ORDER

And now, November 14, 1989, it is hereby ordered and decreed that the appeal of petitioner, William Joseph Sunseri, from a license suspension for failure to take a blood test is sustained. Defendant, Commonwealth, Department of Transportation, Bureau of Driver Licensing, shall return to petitioner his driving privileges.