579 A.2d 1032

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Joyce OELLER, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted June 8, 1990.

Decided Sept. 14, 1990.

David R. White, Assistant Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

Mark A. Ciavarella, Jr., Lowery, Ciavarella, Rogers & Toole, Wilkes–Barre, for appellee.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) has appealed from an order of the Court of Common Pleas of Luzerne County, which sustained the appeal of Joyce Oeller (Oeller) from a one-year suspension of her operating privileges imposed by the Department. We reverse.

At the *de novo* hearing held before the trial court on August 28, 1989, the Department presented the testimony of Officer William Norris, Jr., of the Dallas Borough police department. Based on Officer Norris' testimony, the findings of the trial court may be briefly summarized as follows. On the morning of May 10, 1989, at approximately 1:00 a.m., Officer Norris observed Oeller stopped at a red light, but her vehicle remained stationary even though the light changed from red to green and back to red again. The witness testified that he approached the vehicle to see if anything was wrong, and found that Oeller seemed to be in a daze. He could smell alcohol coming from her and testified that there was half a bottle of Rolling Rock beer on her dashboard. The officer asked Oeller to submit to a field sobriety test which she refused and stated "You got me. I'm drunk."

Officer Norris placed Oeller under arrest and asked her if she would submit to a blood alcohol test, which she refused; he warned her that if she refused the test, she would lose her license for one (1) year, and repeated this warning at least three or four times. Oeller repeatedly refused to undergo testing.

On cross-examination, the officer testified that he did not, at any point, read the *Miranda* warnings to Oeller. On redirect examination, he testified that she never asked to speak to an attorney. Oeller did not offer any testimony.

The trial court sustained Oeller's appeal on the basis of two recent cases emanating from our Supreme Court, *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), and *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989). The essence of the Department's argument in this appeal is that the trial court erred in interpreting those cases.

█ In cases involving the suspension of a license for refusal to submit to a chemical test, the Commonwealth is required to prove four elements: 1) that the licensee was placed under arrest for driving under the influence; 2) that

she was requested to submit to chemical testing; 3) that she was informed that a refusal to submit to such testing would result in a suspension of her operating privilege; and 4) that she refused. *Department of Transportation, Bureau of Driver Licensing v. Iannitti,* 100 Pa. Commonwealth Ct. 239, 514 A.2d 954 (1986). There is no question in this case that the Commonwealth met this burden.

■ Once the Commonwealth has proven these four elements, the burden shifts to the licensee to prove that she was unable to make a knowing and conscious refusal. *O'Connell.* This is a factual determination which is to be made by the trial court. *Id.*

■ Our scope of review is limited to determining whether the findings of fact of the trial court are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *O'Connell.*

■ The trial court concluded that *O'Connell* and *McFadden,* read together, stand for the proposition that a licensee must be told that the *Miranda* right to counsel is not applicable to these sorts of proceedings in order for a refusal to be deemed knowing and conscious. We agree with the Department that the trial court's statement of the law is overly broad, and hence, erroneous.

Both *O'Connell* and *McFadden* involved licensees who were given their *Miranda* rights, but were not informed that they had no right to speak to an attorney prior to submitting to chemical testing. Recognizing that a lay person, who is not trained to recognize the distinction between the criminal and civil aspects of his arrest for drunken driving, would likely be confused when *Miranda* rights are given, the Supreme Court fashioned a new requirement for police officers:

Since the course of conduct of the police creates the confusion in these cases, it is appropriate to place the duty on them to clarify the extent of the right of counsel when asking arrestees to take breathalyzer tests thereby

insuring that *those arrestees who indicate their confusion over their Miranda rights,* are not being misled into making uninformed and unknowing decisions to take the test.

*O'Connell,* 521 Pa. at 253, 555 A.2d at 878 (emphasis added).

Two key factors distinguish the facts of this case from those of *O'Connell* and *McFadden.* In both of the latter cases, the police advised the licensees of their *Miranda* rights *and* the licensees argued that their refusals to submit to chemical testing were not knowing and conscious because they did not understand that the *Miranda* right to counsel did not apply. In the case before us, Officer Norris testified that he did not read Oeller her *Miranda* rights and that she never requested to speak with an attorney. Further, by Oeller's failure to testify at the *de novo* hearing, there is simply no evidence upon which the trial court could have concluded that she was confused. As *O'Connell* very clearly indicates, whether or not a licensee is confused by a request to take a chemical test which comes "hot on the heels of the *Miranda* questioning," *Id.,* 521 Pa. at 250, 555 A.2d at 876, is a *factual* inquiry.

We must conclude, in the absence of *any* evidence from which the trial court could have determined that Oeller was confused, that she has not, as a matter of law, met her burden of proving that her refusal was not knowing and conscious.

For these reasons, we reverse the trial court's order and reinstate the suspension.

## ORDER

AND NOW, this 14th day of September, 1990, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby reversed.