582 A.2d 1160

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Carol A. MARTINEZ, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 1990.

Decided Nov. 28, 1990.

---

3. *See, e.g., Commonwealth v. Sanford,* 299 Pa.Superior Ct. 64, 445 A.2d 149 (1982).

William A. Kuhar, Jr., Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel in Charge, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellant.

Francis C. Rapp, Jr., Feldstein, Grinberg, Stein & McKee, Pittsburgh, for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

The Pennsylvania Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Allegheny County which sustained the appeal of Carol A. Martinez from a one-year suspension of her operating privilege imposed pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b), due to her failure to submit to a breath test following her arrest for driving under the influence of alcohol. We affirm.

Martinez' suspension appeal was heard before the common pleas court on November 27, 1989, and the following relevant facts were established. Officer Robert Phillis of the Moon Township Police Department was operating a VASCAR unit on August 21, 1989 when a passing motorist stopped and related to him the events of an accident the motorist had witnessed. Officer Phillis proceeded to the scene of the reported accident where he observed tire tracks but found no vehicles. He then proceeded to cruise the area and came upon two men standing along the edge of the road. He also observed an automobile which matched the description given to him by the passing motorist. Officer Phillis inquired whether either individual knew anything about the reported accident. One of the individuals, Martinez' husband, replied that his wife had run off the road, that she was unhurt, and that the vehicle was hers.

Martinez' husband further informed Officer Phillis that Martinez was in their house. After obtaining permission to enter the house, Officer Phillis entered and spoke with Martinez through a locked bedroom door. She told Officer Phillis that she had been involved in the accident but that she was unhurt. Officer Phillis then requested that Martinez open the door to allow him to see her. As Martinez opened the door, Officer Phillis observed her staggering and, upon speaking to her, detected the odor of alcohol on her breath. He thereupon placed her under arrest for driving under the influence of alcohol. Martinez was thereafter transported to the Moon Township police station. At the station, Martinez was advised of her *Miranda*[1] rights and she stated that she did not wish to make a statement. Officer Phillis immediately thereafter read Martinez the implied consent warning and requested that she submit to an intoxilyzer (breath) test. Martinez refused to submit to a breath test.

At the hearing before the common pleas court, Officer Phillis confirmed this sequence of events and stated further

**1.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

that he did not inform Martinez that her *Miranda* right to counsel did not apply to the implied consent law. At the conclusion of the Commonwealth's case-in-chief, Martinez' counsel declined to present any evidence and argued that Martinez had met her burden of showing that her refusal to submit to the breath test was not a knowing and conscious one,[2] because Officer Phillis had not warned Martinez that her *Miranda* right to counsel did not apply to requests to submit to breath tests. The court sustained Martinez' appeal and held that under *Commonwealth v. McFadden,* 522 Pa. 100, 559 A.2d 924 (1989), and *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), the police have an affirmative duty, not contingent upon conditions of confusion, to warn defendants that *Miranda* does not apply to breath tests.

Before this Court, both parties present two issues for our consideration; first, whether Officer Phillis had reasonable grounds to believe that Martinez was operating a vehicle under the influence of alcohol, and second, whether the common pleas court's interpretation and application of *McFadden* and *O'Connell* was correct. The common pleas court did not address the former issue because it found sufficient grounds to sustain Martinez' appeal based upon Officer Phillis' failure to provide the *McFadden* type warnings. Likewise, because of our disposition of this matter, we need not address the reasonable grounds issue.

We recently addressed the effect of *McFadden* and *O'Connell* in *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990). In that decision, we held that the

---

**2.** To sustain a license suspension under Section 1547(b)(1) of the Vehicle Code, the Department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Department of Transportation, Bureau of Driver Licensing v. Tomczak,* 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990). Once the Department meets this burden, the burden then shifts to the licensee to prove by competent evidence that he or she was unable to make a knowing and conscious refusal. *Id.*

language in *O'Connell* clearly indicates that where *Miranda* warnings precede the chemical test request as well as the implied consent warning, such a juxtaposition is *per se confusing*. Therefore, absent an explanation by the police of the inapplicability of the right to counsel to such tests, a licensee may establish a valid prima facie defense under *O'Connell* by showing that the *Miranda* warning preceded the request to submit to chemical testing.

In the instant case, it is clear from the record that Martinez was advised of her *Miranda* right to counsel prior to the request to submit to a breath test. It is equally clear that Officer Phillis did not advise Martinez that this right to counsel did not apply to requests to submit to such tests. Therefore, based upon *Fiester*, we affirm the order of the common pleas court which sustained Martinez' license suspension appeal.

### ORDER

Now, November 28, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.