583 A.2d 42

**Angela CARDENAS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 1990.

Decided Nov. 29, 1990.

366

Patrick J. Thomassey, Monroeville, for appellant.

David R. White, Asst. Counsel, with him, Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Angela Cardenas has appealed from an order of the Court of Common Pleas of Allegheny County which dismissed her driver's license suspension appeal. We reverse.

The facts are largely undisputed. Cardenas was involved in an automobile accident in Turtle Creek, Pennsylvania. Officer Alexander Culotta of the Turtle Creek Police arrived at the scene, spoke with both drivers, requested back-up officers and called an ambulance and tow trucks. Officer Mullin and Sergeant Rossi assisted him at the scene. Officer Mullin testified that Cardenas was extremely belligerent, using obscene language directed at himself and the occupants of the other vehicle. He stated that when he turned his head, Cardenas got out of her car and began running away from the accident scene. He and two other officers retrieved her and noticed that she could hardly stand up and had a strong odor of alcohol on her. Officer Mullin delivered her to Officer Culotta who placed her under arrest for driving under the influence of alcohol, read

her *Miranda*[1] warnings and transported her to Braddock Hospital for a blood test and for medical treatment for her jaw, which was bleeding.

At the hospital, Officer Culotta testified that he requested Cardenas to submit to a blood alcohol test and warned her repeatedly of the consequences of a refusal. He stated that Cardenas was very loud and belligerent and refused to take the test or submit to medical treatment. On both cross-examination and redirect, Officer Culotta acknowledged that Cardenas had asked to speak to different people after she had refused to take the test.

Cardenas admitted to having consumed a significant amount of alcohol on the date in question. She testified that Officer Culotta gave her *Miranda* warnings when he arrested her. She further acknowledged that he gave her the implied consent warning at the hospital when he had requested a blood test. She testified that she repeatedly asked the nurse and the officer to call her father so he could contact an attorney. At the *de novo* hearing, her attorney argued that she was confused by virtue of the fact that *Miranda* warnings were given at the scene of the arrest.

The trial court dismissed Cardenas' appeal because it found the sequence of events did not justify invoking the warning provisions established by our Supreme Court in its recent decision in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989). The court accepted Officer Culotta's version of the events which transpired at the hospital and held that *O'Connell* did not apply because of the time gap between Cardenas' refusals and her requests to speak to someone.

■ Cardenas argues that the trial court erred in finding that she did not meet her burden of establishing that her

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

refusal to take the test was not knowing and conscious.[2] We shall review this contention being mindful that our scope of review is limited to determining whether the findings of fact of the trial court are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *O'Connell.*

As noted above, the trial court here dismissed Cardenas' appeal because it believed *O'Connell* warnings were not warranted by the sequence of events in this case. However, we find that such is not the case. In *O'Connell*, the motorist was arrested at the scene of an accident and given *Miranda* warnings, as was the case here. When he was subsequently asked to take a breathalyzer test, and was given the implied consent warnings, he refused because he believed he had the right to counsel.

Our Supreme Court explained the problems inherent in such a scenario as follows:

The problem in this case, and many similar cases that have arisen, is that these requests to take breathalyzer tests take place as part of the investigation conducted by police in regards to a drunk driving charge which is criminal in nature. The police proceed with the *Miranda* warnings and at some point (usually when the driver asks to see his lawyer) stop questioning and abruptly change 'hats' and ask the driver to submit to the breathalyzer test. If the arrestee hesitates and attempts to exercise his *Miranda* right by asking for a lawyer or asking to make a phone call, a refusal is recorded.

This state of affairs is unacceptable because it is fraught with pitfalls for the arrestee who is not trained to recognize the difference between a civil or criminal investigation and becomes a source of accusation of manipu-

---

**2.** Cardenas admits that the Commonwealth established the oft-reiterated elements of its prima facie case. *Department of Transportation, Bureau of Driver Licensing v. Oeller*, 135 Pa.Commonwealth Ct. 172, 579 A.2d 1032 (1990). For this reason, we see no reason to repeat and discuss those elements here.

lation by the police over confused individuals who are suspected of having dulled senses.

*O'Connell,* 521 Pa. at 251–52, 555 A.2d at 877 (footnote omitted).

In order to eliminate the situation of confusion, the Court fashioned the following remedy:

> [W]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.
>
> An arrestee is entitled to this information so that his choice to take a breathalyzer test can be knowing and conscious and we believe that requiring the police to qualify the extent of the right to counsel is neither onerous nor will it unnecessarily delay the taking of the test.
>
> Since the course of conduct of the police creates the confusion in these cases, it is appropriate to place the duty on them to clarify the extent of the right of counsel when asking arrestees to take breathalyzer tests thereby insuring that those arrestees who indicate their confusion over their *Miranda* rights, are not being misled into making uninformed and unknowing decisions to take the test.

*Id.,* 521 Pa. at 252–53, 555 A.2d at 878 (emphasis added).

The facts of this case are indistinguishable from those of our recent *en banc* decision in *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990). In *Fiester,* the motorist first received *Miranda* warnings, was asked to submit to a breathalyzer test and was given the implied consent warnings. He refused to take the test, without explaining his decision to the police. We rejected the De-

partment's argument in *Fiester* that the motorist must have indicated his confusion to the police at the time of refusal in order for *O'Connell* to apply. We specifically held that where *Miranda* warnings precede implied consent warnings, such a juxtaposition is confusing *per se* and the police are required to correct such confusion by advising the motorist that the right to counsel is inapplicable to a request to submit to chemical testing per *O'Connell.*

Because we find that the sequence of events in the present case requires application of *O'Connell,* we must reverse the order of the trial court dismissing Cardenas' appeal.

## ORDER

AND NOW, this 29th day of November, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.