587 A.2d 29

**Thomas J. EVANS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 28, 1990.

Decided Jan. 31, 1991.

Reconsideration Denied March 25, 1991.

Kathleen A. Gallagher, Klett, Lieber, Rooney & Schorling, Pittsburgh, for appellant.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Pittsburgh, for appellee.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Thomas J. Evans (Licensee) from an order of the Court of Common Pleas of Allegheny County which dismissed his challenge to a one-year suspension by the Pennsylvania Department of Transportation (DOT) of his driving privilege for refusing to submit to intoxilyzer testing under Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).

The testimony of the two police officers at the de novo hearing, the only witnesses who did testify, can be summarized as follows. Officer Ernest Lackovic of Elizabeth Township arrested Licensee for driving under the influence of alcohol under circumstances that were without question sufficient to give the officer reasonable grounds to suspect Licensee had been driving while intoxicated. Licensee was then transported to the police station and informed of the implied consent law, the procedure for taking the intoxilyzer test, and warned of the specific consequences if he refused. Licensee then informed Officer Lackovic, "he wouldn't take anything until he called his dad." N.T. p. 6. Permission to call his father was refused whereupon Licensee refused to take the test.

The testimony of Officer David Graham reinforced the above factual scenario but also added one important fact,

that is that Licensee was informed of his constitutional rights and was given *Miranda*[1] warnings.

The essential facts therefore are that Licensee was advised of his constitutional rights when he was charged with the violation but was not given an explanation by the police that such rights do not apply to the implied consent deemed to be given under Section 1547(a) of the Code. Further, when Licensee requested to speak to his father he was not informed that he had no such right to do so under the constitution and laws of this Commonwealth before submitting to the intoxilyzer testing. The law is now clear that such a situation is deficient in establishing a lawful suspension under Section 1547(b) of the Code. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989); *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989); *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990); *Department of Transportation, Bureau of Driver Licensing v. McGarvey*, 136 Pa.Commonwealth Ct. 358, 583 A.2d 39 (1990).

Accordingly, the order of the court of common pleas is reversed.[2]

BYER, J., did not participate in the decision in this case.

## ORDER

NOW, January 31, 1991, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
2. Because we have disposed of this case by reversing the judgment of the trial court on the merits, Licensee's second issue, that the trial court abused its discretion by refusing to grant a continuance, is, therefore, rendered moot.