591 A.2d 1176

Richard David SALLADE, Appellant,

v.

COMMONWEALTH of Pennsylvania, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 1990.

Decided May 22, 1991.

Reargument Denied July 15, 1991.

As Amended Aug. 16, 1991.

Timothy Finn, Beaver, for appellant.

Timothy P. Wile, Harrisburg, for appellee.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BYER, Judge.

Richard David Sallade appeals an order of the Court of Common Pleas of Beaver County dismissing his appeal from the Department of Transportation's suspension of his driver's license pursuant to section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).[1] We affirm.

Police officers David and Pallante stopped Sallade for driving his car through a red light. After noticing a strong odor of alcohol on Sallade, the officers arrested Sallade for driving under the influence of alcohol and transported him to the police station. Officer David testified that he gave Sallade his *Miranda*[2] warnings at the police station and requested that Sallade submit to a blood test. Sallade refused. Officer David explained to Sallade that his license would be suspended for refusing to submit to the chemical test.

Sallade testified to the contrary. He denied receiving his *Miranda* warnings and claimed that Officer David abused and intimidated him both in the police car and at the station.

The trial court credited Officer David's testimony and found that Sallade was neither abused nor intimidated.

1. Section 1547(b)(1) of the Vehicle Code provides:
   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is required to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Because there was no outward sign of confusion as to his *Miranda* warnings, the trial court held that Sallade's refusal was knowing and conscious. Sallade appealed.[3]

Sallade first argues that he did not make a conscious and knowing refusal because Officer David allegedly used abusive and intimidating tactics at the time of the arrest. Although the evidence shows that Officer David had to forcibly remove Sallade from his car, the trial court found that Sallade nevertheless was not abused or intimidated. Conflicts in the evidence and questions of credibility are for the trial court to resolve. *Department of Transportation v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984). Therefore, we will not disturb this finding.

Sallade next argues that the trial court erred in holding his refusal was knowing and conscious because neither arresting officer explained that *Miranda* warnings do not apply to the chemical testing procedure. Sallade relies on *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), and *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989), which require the police to explain that *Miranda* warnings are inapplicable to the chemical testing procedure.

In *O'Connell*, the driver asked to speak with his lawyer after receiving his *Miranda* warnings. The Supreme Court held that in order to avoid the confusion created by the police reading the *Miranda* warnings before requesting the driver to submit to testing, the police were required to explain that the right to counsel does not apply to the chemical testing procedure.

The driver in *McFadden* had merely asked to make a telephone call after receiving his *Miranda* warnings. Again, the Supreme Court held that in order to make a knowing and conscious refusal, the driver first must be

---

**3.** Our scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Department of Transportation v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

warned that *Miranda* does not apply to the chemical testing procedure to avoid confusion. In both *O'Connell* and *McFadden*, the drivers were aware of having received their *Miranda* warnings and outwardly demonstrated their confusion over the applicability of these rights.

We have expanded *O'Connell* to situations where there is no outward sign of confusion on the part of the driver. In *Department of Transportation v. Fiester*, 136 Pa. Commonwealth Ct. 342, 347, 583 A.2d 31, 33 (1990), we stated that "[w]here *Miranda* rights are followed by a request to take a chemical test and no explanation is given that the *Miranda* rights are inapplicable to the testing procedure, a *per se* violation of the *O'Connell* rule exists."

However, *O'Connell, McFadden* and *Fiester* do not apply to the facts here, because Sallade testified that he never received his *Miranda* warnings:

Q. You are now familiar with what we have been calling a *Miranda* Rights (sic) and being Mirandized, all right? When were you told that you had those rights?

A. Never.

Q. Did you ever get told that at the scene?

A. No.

Q. Did you not get told that at the station house when you signed that document with your signature on it?

A. No. *I didn't even realize what the heck that was, but he did say about the Miranda rights, but he never offered them to me, and he walked out and told this other officer that he gave me my rights.*

(31a–32a) (emphasis added).

The *O'Connell* explanation was not required, because Sallade testified that he was not aware he had received *Miranda* warnings. Therefore, any confusion Sallade may have experienced was not due to any statement made by Officer David, nor to any confusion regarding his constitutional rights. As we stated in *Appeal of Attleberger*, 136 Pa. Commonwealth Ct. 329, 335, 583 A.2d 24, 27 (1990), *"O'Connell* and *McFadden* do not add a safety net to

someone falling into such self-induced and self-destructive confusion about what the law is or should be."

The trial court found as a fact that Sallade had received *Miranda* warnings, notwithstanding Sallade's denial. However, the issue is not whether the police officers complied with *Miranda*, but whether confusion caused by the *Miranda* warnings motivated Sallade's refusal to submit to chemical testing. Even though Sallade's testimony is contrary to the trial court's finding that he had received his *Miranda* warnings, his testimony does negate any possible confusion which we might otherwise infer based upon *Fiester*. Therefore, we affirm.

## ORDER

The order of the trial court dismissing appellant's appeal from the suspension of his driver's license is affirmed.