608 A.2d 1044

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John Martin DANFORTH, Appellant.**

Supreme Court of Pennsylvania.

Argued March 13, 1992.

Decided May 22, 1992.

328

Dennis B. Rafferty, Latrobe, Barbara J. Artuso, Greensburg, for appellant.

Timothy P. Wile, Harold H. Cramer, Dept. of Transp., Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question before us is whether appellant, John Martin Danforth was capable of making a knowing and conscious refusal to submit to chemical testing pursuant to Section 1547(b) of the Vehicle Code,[1] where the arresting officer advised Danforth of his *Miranda*[2] rights, but failed to inform Danforth that he did not have a right to speak with an attorney concerning the request for chemical testing. We find that Danforth was not capable of making a knowing and conscious refusal to submit to chemical testing, and reverse the decision of the Commonwealth Court.

On April 15, 1989, Danforth was arrested for driving under the influence of alcohol by an officer of the Murrysville Police Department. Danforth was advised of his *Miranda* rights, and then transported to the Murrysville police station, where he was asked to perform a breathalyzer test. Danforth refused, and the officer advised Danforth that his driving privileges would be suspended for one year. Danforth again refused to perform a breathalyzer test, and

1. Act of 1976, June 17, P.L. 162, No. 81, 75 Pa.C.S. § 101 et seq.
2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

affirmed in writing that he did not wish to waive his *Miranda* rights.

On May 3, 1989, pursuant to 75 Pa.C.S. § 1547(b) the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing ("DOT") notified Danforth that his operating privileges were being suspended for one year because of his refusal to submit to chemical testing. Danforth filed a timely appeal from the license suspension in the Court of Common Pleas of Allegheny County, Civil Division. On October 18, 1989, the trial court conducted a hearing in this matter and issued an Order dismissing Danforth's appeal. Danforth filed a timely Notice of Appeal to the Commonwealth Court, which affirmed the Order of the trial court by Memorandum Opinion dated July 27, 1990. 133 Pa.Commonwealth 698, 577 A.2d 975. Danforth filed a timely Petition for Allowance of Appeal with this Court, which we granted because the decisions below appeared to disregard the decisions of this Court in *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989); and *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989).

■ In reviewing a driver's license suspension case, our scope of review is limited to determining whether the findings of facts of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. Korchak*, 506 Pa. 52, 483 A.2d 1360 (1984); *Bureau of Highway Safety, Department of Revenue v. Wright*, 355 Pa. 307, 49 A.2d 783 (1946).

In *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), this Court discussed the burdens of proof applicable in license suspension cases as follows:

[U]nder Section 1547(b) of the Vehicle Code, the Commonwealth must establish that the driver involved: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused

to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license.

Once the Commonwealth meets its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test....

*Id.*, 521 Pa. at 248, 555 A.2d at 876.

In this case, the Commonwealth clearly met its burden of proof as to the four elements of *O'Connell.* However, Danforth contends that he was not capable of making a knowing and conscious refusal to submit to chemical testing because the police failed to inform him that he did not have a right to speak with an attorney concerning the request for chemical testing. We agree.

In rendering its decision in this case, the Commonwealth Court determined that three events must occur before the police are required to inform a defendant that the right to counsel is inapplicable to chemical testing: (1) The defendant must be given *Miranda* warnings; (2) the defendant must demonstrate that he or she was confused regarding the application of *Miranda* rights to a breathalyzer test; and (3) the defendant must request to speak with an attorney. Thereafter, the Commonwealth Court determined that the police in the case *sub judice* were under no obligation to inform Danforth that he had no right to speak with an attorney concerning the breathalyzer test because he did not exhibit confusion in response to *Miranda* warnings or request to speak with an attorney. In so doing, the Commonwealth Court has misinterpreted our decision in *O'Connell* and completely ignored our decision in *Commonwealth v. McFadden,* 522 Pa. 100, 559 A.2d 924 (1989).

In *O'Connell,* this Court held that where a police request for chemical testing is preceded by *Miranda* warnings, the police have an affirmative duty to not only inform the arrestee that his driving privileges will be suspended for one year if he refuses chemical testing, but also that the arrestee does not have the right to consult with an attorney or anyone else prior to deciding whether to perform chemi-

cal testing. Our decision in *O'Connell* specifically addressed the situation where the arrestee had indicated some confusion over his *Miranda* rights as evidenced by a specific request to speak with counsel. However, that decision in no way created specific requirements that the arrestee exhibit confusion about his right to counsel or actually request to speak with counsel. Furthermore, any ambiguity that may have existed after *O'Connell* should have been dispelled by our decision in *McFadden*.

In *McFadden*, the police advised McFadden of his *Miranda* rights and asked him to perform a breathalyzer test. McFadden refused and was granted permission to make a telephone call to an undisclosed party. After McFadden completed the telephone call, the police recorded a refusal, and DOT issued a mandatory one-year suspension. On appeal, this Court reversed the license suspension. We held that McFadden could not have made a knowing and conscious refusal because he was not told that the *Miranda* right to counsel was not applicable to requests for chemical testing. We did so without any evidence that McFadden was confused about the applicability of his right to speak with an attorney, or that he requested to speak with an attorney.

The duty of the police to inform an arrestee that the right to counsel is inapplicable to requests for chemical testing is simply *not* contingent upon the arrestee exhibiting confusion concerning his right to speak with an attorney, or actually requesting to speak with an attorney. There is overwhelming unfairness inherent in the situation where an arrestee is initially told that he has a right to consult with an attorney, and then in conjunction with a request for chemical testing is told that a refusal will result in suspension of driving privileges without being informed that his right to counsel is inapplicable. Under these circumstances, the defendant cannot possibly make a knowing and conscious refusal, as he may reasonably believe that he is entitled to counsel prior to submitting to chemical testing and refuse on this basis without exhibiting confusion or

specifically requesting counsel. As we stated in *O'Connell,* "since the course of conduct of the police creates the confusion in these cases, it is appropriate to place the duty on them to clarify the extent of the right of counsel." 521 Pa. at 253, 555 A.2d at 878.

█ Therefore, we hold that when *Miranda* warnings are followed by a police request for chemical testing, the police have an affirmative duty to not only inform the arrestee that refusal to submit to chemical testing will result in suspension of his driving privileges, but also that the arrestee does not have a right to speak with an attorney or anyone else in connection with his decision as to whether he will submit to chemical testing.

This policy of requiring the police to clarify the extent of the right to counsel is easily understandable by the motoring public and will not unnecessarily delay the performance of chemical testing. It provides certainty in connection with a fundamental right of an arrestee in a manner that is not burdensome to our Commonwealth's law enforcement officers.

In applying this holding to facts of the case *sub judice,* as the police did not inform Danforth that he did not have a right to speak with an attorney or anyone else in connection with his decision of whether to submit to a breathalyzer test, Danforth could not make a knowing and conscious refusal. The conduct of the police clearly misled Danforth into believing that he was entitled to counsel prior to performing a breathalyzer test. This is further evidenced by Danforth's written refusal to waive his right to counsel, which he completed subsequent to his refusal to perform a breathalyzer test. Accordingly, DOT improperly suspended Danforth's driving privileges.

Therefore, we reverse the decision of the Commonwealth Court, which affirmed DOT's suspension of Danforth's driving privileges.

PAPADAKOS, J., files a dissenting opinion in which NIX, C.J., and McDERMOTT, J., join.

PAPADAKOS, Justice, dissenting.

I must respectfully dissent from the continued expansion by my colleagues of the principles set forth in the *O'Connell* and *McFadden* cases regarding the obligation of the police to explain to an arrestee that his *Miranda* warnings and rights do not apply in breathalyzer matters.

In both *O'Connell* and *McFadden,* the defendant had been advised of his *Miranda* rights and the defendant had taken affirmative action to execute those rights. *O'Connell* asked for a lawyer and *McFadden* asked to make a telephone call. Thereafter, each refused to take a breathalyzer test and neither was advised that his *Miranda* rights did apply.

In this case, Appellant never manifested a desire to exercise any of his rights under *Miranda.* He simply refused to take the breathalyzer test without giving any reason or showing any confusion about anything. Yet, the majority gleans from this vacuum that Appellant was confused. In this vacuum, the majority now demands that the police guess, as they have done, as to the state of mind of the defendant and give him a full course in criminal law.

I read the majority to be laying down a per se rule to the effect that the police, in all cases where *Miranda* has been given, must explain to the defendant that the *Miranda* rights do not apply to the imposition of breathalyzer and/or blood testing, whether the defendant stands mute or attempts to exercise any of his rights under *Miranda.* The rule is now very simple. If *Miranda* warnings are given before the defendant is directed to take the test, the police must explain that the rights granted under *Miranda* are not applicable to the imposition of the test, and the police must dispel any manifestation of confusion on the part of the defendant.

NIX, C.J., and McDERMOTT, J., join this dissenting opinion.