616 A.2d 63

**Paul J. MOTTERSHEAD, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 28, 1992.

Decided Sept. 15, 1992.

Petition for Allowance of Appeal Denied Feb. 17, 1993.

D. Bruce Cahilly, for appellant.

David R. White, Asst. Counsel, Appellate Section, for appellee.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

FRIEDMAN, Judge.

Paul J. Mottershead (Mottershead) appeals from an order of the Court of Common Pleas of Potter County dismissing his appeal from a one-year driver's license suspension imposed by the Department of Transportation (DOT) because he refused to submit to chemical testing in accordance with Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b). We affirm.

On May 31, 1991, Coudersport Police Officer Weidner and Police Chief Zimath responded to a report of a one vehicle accident involving an injury. When the officers arrived at the scene of the accident, Mottershead was lying on his back in the center of the road near his overturned motorcycle. The officers recognized Mottershead as a Pennsylvania State Police Officer and noticed an odor of alcohol on his breath.

The paramedics arrived and attempted to treat Mottershead; however, Mottershead, arguing and using foul language,

refused any treatment. The officers helped Mottershead into their vehicle and placed him under arrest for violating section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731 (operating a vehicle while under the influence of alcohol and/or controlled substances). The officers did not request field sobriety tests because Mottershead was in obvious pain, and the officers were concerned about possible injuries. Mottershead was transported to the police station and then to the hospital.

At the hospital, Officer Weidner read Mottershead his *Miranda* rights and advised him that his license would be suspended if he refused to submit to a blood test. Mottershead repeatedly interrupted Officer Weidner and responded to the warnings by saying: "I'm not signing and I'm not refusing. Do what the F--- you have to do."

When Mottershead first arrived at the hospital he called his attorney who arrived shortly thereafter. After consulting with Mottershead, the attorney told the officers that Mottershead was refusing the blood test and would not sign anything relative to a consent form. Officer Weidner wrote "Refused To Sign" on the consent form which Mottershead's attorney and Chief Zimath signed as witnesses. At no time did either officer advise Mottershead that his *Miranda* right to counsel did not apply to his decision to consent to or refuse the blood test.

DOT notified Mottershead that his driving privileges would be suspended for one year as a result of his refusal to submit to the blood test. Mottershead appealed this suspension to the trial court. The court held a *de novo* hearing, and by an order dated October 21, 1991, dismissed Mottershead's appeal. Mottershead appeals.

In reviewing a driver's license suspension case, our scope of review of a trial court's decision after a hearing *de novo* is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989).

In a license suspension appeal under section 1547(b) of the Code, DOT must establish that the driver involved: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a breathalyzer test;[1] (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. Mottershead concedes that DOT satisfied its burden of proof in this case. Once DOT meets its burden, the burden shifts to the driver to prove that he was not capable of making a knowing and conscious refusal. Whether the licensee has satisfied this burden is a factual determination to be made by the trial court. *Id.*

The law requires that the police must tell an arrestee the consequences of a refusal to take a chemical test so that he can make a knowing and conscious choice. *Everhart v. Commonwealth,* 54 Pa.Cmwlth.Ct. 22, 420 A.2d 13 (1980). In addition, in *O'Connell,* our Supreme Court held that where a police request for chemical testing is preceded by *Miranda* warnings, as here, the police have an affirmative duty to inform the licensee that his driving privileges will be suspended for one year if he refuses chemical testing, *and* that the constitutional rights guaranteed under *Miranda* are inapplicable to chemical testing so that the licensee has no right to consult with an attorney or anyone else prior to deciding whether to perform the chemical test. *O'Connell.*

Mottershead argues that his refusal was not knowing and conscious because the officers did not tell him that *Miranda* rights did not apply to a blood test. Mottershead relies on *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Cmwlth.Ct. 342, 583 A.2d 31 (1990), *appeal denied,* 528 Pa. 632, 598 A.2d 285 (1991), where we held that when a licensee is given *Miranda* rights followed by implied consent warnings and a request to take a chemical test, this sequence of events is confusing per se; thus, absent an adequate *O'Connell* explanation, a licensee provides a valid prima facie defense to a license suspension.

---

1. Section 1547 of the Code provides that the police can request any one of three chemical tests: breathalyzer, blood or urine to determine a licensee's blood alcohol content.

DOT contends that in this instance, the failure to give an *O'Connell* explanation was not fatal, because any confusion regarding Mottershead's right to counsel was negated when he consulted with counsel before his refusal was recorded. We agree.

Previously, we have recognized that the *O'Connell* rule is not relevant in every situation. Even where a licensee is given both *Miranda* rights and implied consent warnings, if the licensee's refusal to submit to chemical testing occurred for reasons not involving confusion as to the applicability of *Miranda* rights, the rule of *O'Connell* is inapplicable. *Fiester*, 136 Pa.Cmwlth.Ct. at 349 nn. 4 & 6, 583 A.2d at 34–35 nn. 4 & 6.

Here, the trial court found that Mottershead's refusal to take the blood test was not based on any confusion over the applicability of his constitutional rights. (Finding of Fact 18).[2] The trial court noted that Mottershead may have established a prima facie defense if the matter had ended after the officer gave him his *Miranda* rights and advised him that his license would be suspended if he refused to submit to a blood test. However, that is not what happened. Mottershead was given an opportunity to confer with counsel, and Officer Weidner would have permitted Mottershead to take a blood test after this consultation. (Finding of Fact 15). The determination that Mottershead refused to submit to a blood test was not recorded until after he spoke with his attorney.

The facts indicate that because Mottershead was afforded greater rights than he was otherwise entitled to, and was able to consult in person with his attorney before his final decision to refuse the blood test, an *O'Connell* explanation was unnecessary. The legitimate concerns about the potential for misleading a licensee into making uninformed and unknowing decisions when *Miranda* rights are followed by implied consent warnings were cured by the presence of Mottershead's

2. As long as sufficient evidence exists in the record to support the finding of the trial court, as factfinder, this appellate court is precluded from overturning that finding and must affirm. *O'Connell* at 248, 555 A.2d at 875.

counsel. A personal consultation with competent counsel presumably guarantees that the confusion otherwise inherent in this situation will be eliminated, and all resulting decisions will be knowing and conscious.

Mottershead's argument that *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989) supports his position likewise fails. In that case, McFadden was given *Miranda* warnings followed by a request that he submit to a chemical test. McFadden refused the test and asked to make a telephone call. The police granted McFadden's request, after which, McFadden continued to refuse to take the test. The evidence in *McFadden* failed to show who McFadden called or the nature of the exchange.

Relying on *O'Connell*, our Supreme Court concluded that McFadden's refusal was not knowing and conscious because the police failed to provide him with the information required by *O'Connell*. Although *McFadden* seems to indicate that even when a licensee is able to contact someone, a valid prima facie defense to a license suspension still exists, *McFadden* is distinguishable from the case *sub judice*.

The Court's holding in *McFadden* was based on the fact that McFadden was never informed that the *Miranda* right to counsel does not apply to a chemical test. In this case, since Mottershead conferred with counsel prior to his refusal, the officer's explanation that a licensee does not have the right to consult with an attorney or anyone else prior to deciding whether to perform a chemical test would have served no purpose. Mottershead's "per se confusion" about his right to counsel vanished when his attorney walked through the door.

In this case, there is no doubt that Mottershead's refusal was knowing and conscious. Affirmed.

## ORDER

AND NOW, this 15th day of September, 1992, the order of the Court of Common Pleas of Potter County, dated October 21, 1991, is affirmed.

DOYLE, Judge, dissenting.

Respectfully, I dissent.

While I cannot fault the majority's logic that conferring with counsel cures a police officer's failure to give the warning mandated by *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), the simple fact is that our Supreme Court has held to the contrary.

In *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992), the Supreme Court, in actuality adopted without reference the per se confusion rule this Court had already established in *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Cmwlth.Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991), when it held:

> [W]hen *Miranda* warnings are followed by a police request for chemical testing, the police have an affirmative duty to not only inform the arrestee that refusal to submit to chemical testing will result in suspension of his driving privileges, but also that the arrestee does not have a right to speak with an attorney or anyone else in connection with his decision as to whether he will submit to chemical testing.

608 A.2d at 1046. I can find no limiting language in that quotation. *Danforth* also made clear that where *Miranda* warnings are given, there is no additional requirement that the licensee actually exhibit confusion over the applicability of his *Miranda* rights to his decision whether to submit to chemical testing in order to assert a successful defense that he could not render a knowing and conscious refusal to submit to such testing. Accordingly, since *Danforth* establishes that confusion is not a prerequisite to a successful defense in situations where the *Miranda* warning precedes the request for chemical testing, the fact that a licensee may have conferred with counsel on whether to submit to testing is legally irrelevant, as is any advice counsel may have rendered him. In short, there is absolutely nothing in *Danforth* which indicates that the per se confusion rule is subject to exception when the licensee does, in fact, confer with counsel. And,

while I would certainly concede that such an exception is sensible, it is not for this Court to create exceptions to rulings of our Supreme Court.