Thomas G. O'CONNOR

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued June 5, 2000.

Decided June 28, 2000.

Bryan S. Neiderhiser, Pittsburgh, for appellant.

Kim Wm. Riester, Pittsburgh, for appellee.

Before McGINLEY, Judge, LEADBETTER, Judge, RODGERS, Senior Judge.

RODGERS, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals from an order of the Court of Common Pleas of Allegheny County that sustained the statutory appeal of Thomas G. O'Connor (Licensee) from a two-year revocation of his operating privilege. We affirm.

Licensee has a considerable history of vehicle code violations, the last of which was a conviction for violating Section 3731 of the Vehicle Code, 75 Pa.C.S. § 3731(DUI) in 1993. Based on Licensee's record of prior convictions, the Department designated Licensee an "habitual offender" and revoked his license for five years, pursuant to Section 1542 of the Vehicle Code, 75 Pa.C.S. § 1542.[1]

In 1994, the Vehicle Code was amended by the Act of December 12, 1994, P.L. 1048

---

1. An habitual offender is a person whose driving record shows three convictions arising from certain enumerated offenses within any three-year period. 75 Pa.C.S. § 1542.

(Act 143)[2], which provides in pertinent part as follows:

> For drivers who were designated as habitual offenders prior to the effective date of this amendatory act and who would no longer be designated as habitual offenders under the provisions of this act, the department may remove these drivers from habitual offender status *and require only that they complete the other sanctions associated with those convictions.* Such persons may petition the department for removal from habitual offender status and, if they are eligible for removal, shall no longer be designated as habitual offenders.

75 Pa.C.S. § 1542 (emphasis added).

In November of 1998, Licensee was convicted of violating Section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543 (driving while operating privilege is suspended or revoked). Section 1543 provides that a licensee who drives while his operating privilege is suspended is subject to an additional one-year suspension, and a licensee who drives while his operating privilege is revoked is subject to an additional two-year revocation. By official notice dated February 16, 1999, the Department notified Licensee that his license would be revoked for two years pursuant to Section 1543.

Licensee filed a timely appeal with the trial court, which held a *de novo* hearing on May 20, 1999. Licensee informed the trial court that he had requested removal from habitual offender status in 1997 pursuant to Act 143 and that the Department had confirmed that he was no longer designated as a habitual offender. Licensee argued that removal from habitual offender status had the effect of negating the revocation imposed in 1993, so that his license was only under suspension, i.e., the "other sanctions" associated with his prior

convictions in 1998. Therefore, his violation of Section 1543 was for driving while under a suspension, not revocation, and the Department was only authorized to impose an additional one-year suspension.

The Department's records reflect that Licensee's driving record was affected by Act 143. However, the records also indicate that the Department was interpreting Act 143 as affecting only the length of time required to serve suspensions or revocations. The Department contends that the removal from the habitual offender status does not remove the revocation.

■ After hearing on this matter, the trial court agreed with Licensee's interpretations and sustained his appeal. The Department now appeals to this Court.[3] It contends that the trial court misinterpreted the language of Section 1543(c)(2), as amended by Act 143, and erred in concluding that Licensee was under suspension and not revocation, resulting in a one-year suspension. The Department asserts that its interpretation of Act 143 does not change the nature of the revocation, only the duration. Therefore, when a licensee is removed from the habitual offender status, the term of revocation is reduced from five years to one year. Thus, under this interpretation Licensee here is subject to a two-year suspension.

■ The Department also asserts that the clear and unambiguous language of the statute supports its interpretation. However, that language explicitly states that after removing a licensee from habitual offender status, the Department may only require the licensee to complete the *other sanctions* associated with prior convictions. In this case, the underlying offenses resulted in three suspensions. Under the plain language of Act 143, Licensee's operating privilege as of 1998 was no longer

**2.** See Historical and Statutory Notes following 75 Pa.C.S. § 1542 in the main volume.

**3.** In reviewing a driver's license suspension case, our scope of review is limited to determining whether the trial court committed an error of law or an abuse of discretion and whether its findings of fact are supported by competent evidence. *Commonwealth v. Danforth,* 530 Pa. 327, 608 A.2d 1044 (1992).

revoked based on his removal from habitual offender status. The Department's records and the notice informing the Licensee of the two-year revocation both reflect that Licensee's violation and conviction of Section 1543 was based upon his driving while under a DUI-related *suspension.* (R.R. 6a and 27a.) Therefore, the Department lacked authority under Section 1543 to impose more than an additional one-year suspension.

Accordingly, we affirm the trial court's order sustaining Licensee's appeal.

### ORDER

NOW, June 28, 2000, the order of the Court of Common Pleas of Allegheny County in the above matter is affirmed.