514 A.2d 954

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Jilda Gring Iannitti, Appellee.

240

Submitted on briefs April 7, 1986, to Judges ROGERS and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Donald T. Petrosa, Petrikin, Wellman, Damico, Carney & Brown,* for appellee.

OPINION BY JUDGE DOYLE, September 2, 1986:

This is an appeal by the Department of Transportation (DOT) from an order of the Court of Common Pleas

of Delaware County setting aside DOT's suspension of the operating privileges of Jilda Gring Iannitti (Licensee) for refusal to submit to a breathalyzer examination pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

The trial court found that on May 23, 1984 Licensee was involved in a head-on collision at the intersection of Second and Lincoln Avenues in Prospect Park, Delaware County. As a result of the accident Licensee was taken to the Norwood police station and requested to submit to a breathalyzer examination. Licensee blew into the machine and registered no sample. When she was asked to blow a second time she refused. Subsequent to this Licensee was formally placed under arrest for driving under the influence.

It is well settled that in cases involving the suspension of a license for refusal to submit to a breathalyzer test the Commonwealth must prove four elements: that the Licensee was placed under arrest for driving under the influence, that she was requested to submit to chemical testing, that she refused, and that she was informed that such refusal would result in suspension of her operating privilege. *Everhart v. Commonwealth,* 54 Pa. Commonwealth Ct. 22, 420 A.2d 13 (1980). The trial court found that the Commonwealth had failed to sustain its burden with respect to the first element. On appeal to this Court DOT asserts that finding was in error.[1]

The trial court reasoned that because the arresting officer testified that Licensee was not arrested until after she refused to supply a second breath, Licensee was

---

[1] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence and whether there was an error of law or a constitutional violation. *Bruno v. Department of Transportation,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980).

not under arrest at the time she was asked to submit to the test. Our Supreme Court has held that "arrest" as it is used in Section 1547(b) of the Vehicle Code refers merely to physical restraint upon one's personal freedom and that that Section does not require an arrest to be "lawful" as it would need to be under the criminal law. *Glass v. Department of Transportation, Bureau of Traffic Safety,* 460 Pa. 362, 333 A.2d 768 (1975). *See also Gresh v. Department of Transportation, Bureau of Traffic Safety,* 76 Pa. Commonwealth Ct. 483, 464 A.2d 619 (1983). Additionally, we have held that no formal declaration of arrest is required under Section 1547(b). *Phillips v. Commonwealth,* 84 Pa. Commonwealth Ct. 217, 478 A.2d 958 (1984). Thus, arrest under Section 1547(b) must be distinguished from arrest in the criminal context. Here Licensee was taken to the police station for testing. We therefore believe that she was under the custody and control of the police and hence "arrested" for purposes of Section 1547(b).

Because of its disposition of the arrest issue the trial court did not consider the question of whether Licensee was capable of taking the examination. There is testimony by both the police officer and Licensee that she had a cut on her lip and blood on her blouse and Licensee further testified that she was unable to breathe into the machine. It is thus possible that she was physically unable to provide sufficient breath to engage the machine properly. It is clear that Licensee bears the burden to show that she is physically unable to take a breathalyzer examination. *Ford v. Department of Transportation, Director of Bureau of Traffic Safety,* 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979). It is also clear that where the licensee is not suffering from an *obvious* inability to submit to the examination, a finding of disability must be supported by competent medical evidence. *Department of Transportation, Bureau of Traffic Safety*

*v. Michalec,* 52 Pa. Commonwealth Ct. 89, 415 A.2d 921 (1980). Here, there was no medical testimony, but we believe that the alleged physical disability, *i.e.,* the lip injury, could have been obvious. Hence we must remand for findings on whether such an injury existed, and if so, whether it impaired Licensee's ability to take the test.

Another matter requiring a factual finding on remand is whether Licensee was given proper warnings that the refusal to submit to the examination would result in license suspension. The testimony on this point is conflicting and the trial court because of its disposition below did not make a specific finding on this point. Accordingly, it must be determined on remand.[2]

The order of the court is hereby vacated and the case is remanded for further proceedings consistent with this opinion.

### ORDER

NOW, September 2, 1986, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Senior Judge KALISH dissents.

_____

[2] While we recognize that if the trial court finds Licensee's medical defense credible it need not reach the issue of the adequacy of the warning and vice versa, we believe that fact finding on both points could prevent another remand should the case come before us again on appeal.