572 A.2d 868

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,

v.

Gareth Gordon ACTON, Appellee.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1990.

Decided April 9, 1990.

Christopher J. Clements, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for appellant.

No appearance for appellee.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

The Department of Transportation (Department) appeals an order of the Court of Common Pleas of Allegheny County sustaining the appeal of Gareth Acton from a suspension which was imposed by the Department pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b).[1]

---

1. Section 1547(b) of the Code provides for the suspension of a driver's license for a period of one year upon the refusal to submit to chemical testing to determine blood-alcohol content.

Acton was involved in a motor vehicle accident when his truck struck two cars which were stopped at a red light. Officer Richard Borghini went to the scene of the accident, and after finding no injuries, noticed Acton walking in the street in a dazed manner. He noticed that Acton had an odor of alcohol on his breath. Acton told Borghini that he was driving the truck. Borghini then took Acton to the police station for a breathalyzer test. After being transported to the police station, Acton refused to take the breathalyzer test which Officer David J. Waddle attempted to administer, even though Waddle warned him that failure to take the test would result in a license suspension for one year. A refusal was reported and the Department suspended Acton's license for one year pursuant to Section 1547(b) of the Code for failure to take a breathalyzer test.

At the hearing before the trial court, Borghini could not recall reading Acton his *Miranda*[2] warnings. The trial court held that, under *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), since the police did not clearly inform Acton that he was not entitled to consult with an attorney when asked to submit to a breathalyzer test, his refusal was not a knowing and conscious one. The Department now appeals that decision.[3]

On appeal, the Department first contends that it met its burden of proof in establishing that Acton refused to submit to a breathalyzer test.

■ In order to sustain a license suspension under Section 1547(b)(1) of the Code, the Department must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3)

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. Our scope of review where the lower court hears the matter de novo is limited to a determination of whether or not the trial court based its findings on substantial evidence or committed an error of law. *Woods v. Department of Transportation, Bureau of Traffic Safety*, 116 Pa.Commonwealth Ct. 294, 541 A.2d 846 (1988).

refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Department of Transportation, Bureau of Traffic Safety v. Potter*, 118 Pa.Commonwealth Ct. 524, 545 A.2d 979 (1988).

 The Department produced the testimony of Officer Borghini that Acton was driving a vehicle, was involved in an automobile accident, that his breath smelled of alcohol (N.T. at 3), and that he was placed under arrest by Borghini for driving under the influence of alcohol (N.T. at 4). It also produced the testimony of Officer Waddle that Acton was taken to the police station to be administered the breathalyzer test and that Acton was under arrest when he was requested to submit to the test. (N.T. at 6). Waddle testified further that Acton refused despite being warned that his license would be suspended for failure to submit to a breathalyzer test (N.T. at 7).[4]

We hold as a matter of law that the Department sustained its burden under Section 1547(b)(1) of the Code. Once the Department has sustained its burden, the burden then shifts to the licensee to prove by competent evidence that he or she was unable to make a knowing and conscious refusal. *Ford v. Department of Transportation*, 45 Pa. Commonwealth Ct. 268, 406 A.2d 240 (1979).

 The Department contends that Acton failed to meet his burden of proof. It argues that there is no evidence to show that Acton was given *Miranda* warnings and that "he was confused" within the meaning set forth in *O'Connell.* Acton did not testify at all on his own behalf. He thus did not produce any testimony or evidence showing that he was read his *Miranda* warnings or that he was confused over the import of such warnings. Borghini's testimony reveals that he could not even recall whether he gave Acton the

---

4. Waddle testified that after he informed Acton of the consequences of refusal and was asked where he lived, Acton responded that "he lived with the squirrels in Highland Park and he wasn't going to take any test." (N.T. at 7).

*Miranda* warnings (N.T. at 5),[5] and Waddle's testimony lacks any reference to *Miranda* warnings.

The licensee in *O'Connell* was read his *Miranda* warnings and then was asked to submit to a breathalyzer test. The licensee testified that he refused to take the test because he was denied permission to contact his attorney. The licensee was never informed that his *Miranda* rights did not apply to taking the breathalyzer test. The *O'Connell* court explained the potential state of confusion that results when licensees are asked to submit to a breathalyzer test subsequent to being read their *Miranda* warnings:

> The problem in this case, and many similar cases that have arisen, is that these requests to take breathalyzer tests take place as part of the investigation conducted by police in regards to a drunk driving charge which is criminal in nature. The police proceed with the *Miranda* warnings and at some point (usually when the driver asks to see his lawyer) stop questioning and abruptly change 'hats' and ask the driver to submit to the breathalyzer test. If the arrestee hesitates and attempts to exercise his *Miranda* right by asking for a lawyer or asking to make a phone call, a refusal is recorded.
>
> This state of affairs is unacceptable because it is fraught with pitfalls for the arrestee who is not trained to recognize the difference between a civil or criminal investigation and becomes a source of accusation of manipulation by the police over confused individuals who are suspected of having dulled senses.

521 Pa. at 251–52, 555 A.2d at 877 (footnote omitted).

In the case before us now, Acton did not testify and thus we have no evidence of any confusion which Acton may have experienced. Additionally, since there is no evidence to show that Acton was read his *Miranda* warnings, we fail to see how Acton could have been confused over his *Miranda* rights. We, therefore, agree with the Depart-

---

**5.** When Borghini was asked whether he recalled giving Acton *Miranda* warnings, he responded: "I can honestly say I cannot remember if I did or not." (N.T. at 5).

ment that where no evidence exists to show that a licensee was read his or her *Miranda* warnings and where the licensee refused to submit to a breathalyzer test, the refusal is not an *O'Connell* type refusal. Accordingly, as a matter of law, Acton has not sustained his burden of proof.

Having determined that the Department satisfied its burden of proof and that Acton has not satisfied his burden of showing that he was unable to make a knowing and conscious refusal, we reverse.

## ORDER

NOW, April 9, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is hereby reversed.

PELLEGRINI, J., did not participate in the decision in this case.