581 A.2d 261

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Dennis GAUL, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1990.

Decided Oct. 16, 1990.

Timothy P. Wile, Asst. Counsel-in-Charge of Appellate Section, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, King of Prussia, for appellant.

Edward Reif, Philadelphia, for appellee.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Transportation (Department) is appealing an order from the Philadelphia County Court of Common Pleas which sustained Dennis J. Gaul's (Appellee's) appeal from the Department's order suspending his operating license for one year.[1] We affirm.

On June 3, 1989, police officers delivered Appellee to the basement of the Police Administration Building, the Police Detention Unit, after arresting him for driving under the influence of alcohol. Officer Thomas Stock, assigned that night to the breath testing room, proceeded to (1) advise Appellee that he had been arrested for driving under the influence of alcohol, (2) request that Appellee submit to a chemical test and (3) inform Appellee that his operating privilege would be suspended for refusing to do so.

As per the trial court's January 25, 1990 opinion, Appellee initially refused to take the breathalyzer test, but then stated that he wished to speak with his attorney. After telephoning his lawyer, Appellee approached a second police

1. As per Section 1547(b)(1) of the Vehicle Code, 75 Pa.C.S. § 1547(b)(1),

> [i]f any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

officer and stated that he now desired to submit to the test. The officer refused, stating that it was too late to do so.

The trial court found that it was only "a matter of minutes" between the initial refusal, the telephone call and Appellee's subsequent request to take the test. Trial court opinion at 1. On that basis, the trial court held that "the time lapse was so short that the denial to administer the test to appellee was unreasonably withheld and that the appellee in effect consented to take the test."

The issue before us is whether Appellee's refusal was not knowing and conscious because, when he requested to speak with his attorney, the officer failed to advise him that the right to counsel did not apply to his refusal to take the test. We note that our scope of review here is limited to determining whether the trial court committed an error of law, manifestly abused its discretion, or whether its findings were supported by competent evidence. *Department of Transportation, Bureau of Traffic Safety v. Grasso*, 97 Pa.Commonwealth Ct. 262, 508 A.2d 643 (1986).

When the Department suspends a driver's license for his or her refusal to submit to testing, it is required to prove four elements: 1) that the police arrested the driver for driving under the influence; 2) that the police requested the driver to submit to chemical testing; 3) that the police informed the driver that a refusal to submit would result in a license suspension; and 4) that the driver refused to submit. *Department of Transportation, Bureau of Driver Licensing v. Iannitti*, 100 Pa.Commonwealth Ct. 239, 514 A.2d 954 (1986). Since these four elements are not disputed, the burden shifts to Appellee to prove that he was unable to make a knowing and conscious refusal. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

Appellee argues that his refusal was not knowing and conscious because of his confusion over the applicability of the right to counsel to his refusal to submit to the test. He contends that this confusion is evidenced by the undis-

puted chain of events: 1) Appellee's refusal to submit; 2) his request to telephone his attorney; and 3) his subsequent request to take the test. We agree.

The seminal case on a police officer's responsibility to advise an arrestee of the inapplicability of the right to counsel to the breathalyzer test is *O'Connell*. In that case, the Pennsylvania Supreme Court stated:

> Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.*, 521 Pa. at 252, 555 A.2d at 878.

Here, neither of the police officers involved so advised Appellee. Even though Appellee refused to submit to the test immediately prior to requesting a conference with his attorney and the police gave no Miranda warnings, these facts do not eradicate the likelihood that Appellee may have been confused about his right to legal counsel. Potential confusion over that issue was the concern of our Supreme Court in the *O'Connell* case. Therein, the court recognized the very real possibility that an arrestee may be unable to distinguish between criminal and civil rights and procedures.

For that reason, we affirm the trial court.

## ORDER

AND NOW, this 16th day of October, 1990, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter is hereby affirmed.