587 A.2d 909

**Jerome C. CARTWRIGHT, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 12, 1991.

Decided March 5, 1991.

Petition for Allowance of Appeal
Denied Oct. 8, 1991.

Anthony J. Magnotta, Spall and Magnotta, Hawley, for appellant.

David R. White, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, SMITH, PELLEGRINI, and BYER, JJ.

SMITH, Judge.

Jerome C. Cartwright (Cartwright) appeals from the order of the Court of Common Pleas of Wayne County which dismissed Cartwright's appeal from the one-year suspension

of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (DOT), for his refusal to submit to a blood test, pursuant to Section 1547(b) of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1547(b).[1] The order of the trial court is affirmed.[2]

At a hearing *de novo* held before the trial court on July 21, 1989, testimony was presented by the arresting officers, Gregory S. Addvensky and Anthony Casper, of the Hawley Borough Police Department, and Cartwright. On February 3, 1989, at approximately 10:30 p.m., the officers pulled over a vehicle for a traffic stop. In order to see the license plate number of that vehicle, the officers activated the high beams of their vehicle. Cartwright, who was driving by at the time, yelled at the officers to turn down the high beams and then drove away. Approximately two minutes later, Cartwright returned and again yelled at the officers. When Officer Casper tried to explain to Cartwright the need for high beams, Cartwright pulled his vehicle off the road, jumped out of the vehicle and started shouting obscenities. Cartwright was warned by Officer Addvensky that if he did not stop shouting, he would be arrested for disorderly conduct.

At this point, Officer Addvensky noticed that Cartwright's eyes were bloodshot, that his speech was slurred and that he had a strong odor of alcohol about him. Officer Addvensky then requested Cartwright to submit to a field sobriety test. Cartwright refused to take the test and was placed under arrest for driving under the influence of alcohol and disorderly conduct. Cartwright testified that after he was placed under arrest, he asked the officers to

1. Section 1547(b) of the Code provides in pertinent part:
 **(b) Suspension for refusal.—**
 (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. The opinion of the trial court was filed with this Court on October 29, 1990.

read to him his *Miranda* [3] rights and to allow him to make a telephone call to his attorney. The officers denied that Cartwright made such requests after his arrest. In any event, Cartwright was then transported to the Wayne County Memorial Hospital for a blood test.

At the hospital, Cartwright refused a request to submit to a blood test despite the officers' repeated warning that Cartwright's driver's license would be suspended for one year if he did not submit to the blood test. The officers testified that as they were placing Cartwright in the police car to proceed to the district justice's office for arraignment, Cartwright requested to make a telephone call; that the officers responded that he could do so when they arrived at the district justice's office; and that the officers advised Cartwright of his *Miranda* rights for the first time in the police car on the way to the district justice's office. N.T., pp. 7–11. Following the hearing, the trial court dismissed Cartwright's appeal. The instant appeal to this Court followed. [4]

This Court's scope of review of a trial court's decision after a hearing *de novo* is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989); *Woods v. Department of Transportation, Bureau of Traffic Safety*, 116 Pa.Commonwealth Ct. 294, 541 A.2d 846 (1988).

 In a license suspension appeal under Section 1547(b) of the Code, DOT must establish that the driver: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. The instant appeal, initially filed before the Superior Court of Pennsylvania, was transferred to this Court by order dated October 19, 1989 pursuant to Pa.R.A.P. 752.

in a license suspension. *O'Connell; Department of Transportation, Bureau of Driver Licensing v. Iannitti,* 100 Pa.Commonwealth Ct. 239, 514 A.2d 954 (1986). Once DOT meets its burden, the burden shifts to the driver to prove that he was not capable of making a knowing and conscious refusal to take the test. *O'Connell; Schnitzer v. Commonwealth,* 85 Pa.Commonwealth Ct. 38, 480 A.2d 388 (1984). Whether the licensee has satisfied this burden is a factual determination to be made by the trial court. *O'Connell.* The sole question in this appeal is whether Cartwright's refusal to submit to a blood test was knowing and conscious. Cartwright argues that his refusal was not knowing and conscious since he was confused as to his rights as a result of the arresting officers' failure to permit him to speak to his attorney or inform him that he did not have a right to speak to an attorney prior to their request that he submit to the test.

In support of his contention, Cartwright relies on the recent decision of the Supreme Court of Pennsylvania, *O'Connell.* In *O'Connell,* the licensee was arrested and immediately advised of his *Miranda* rights. Later at the police station he was again given his *Miranda* rights in written form. Thereafter, he was asked to submit to a breathalyzer test which he refused. The licensee argued that he was confused as to his rights because the request to take the test "came hot on the heels" of the *Miranda* warnings and because when O'Connell chose to exercise his right to speak to his attorney, the arresting officer requested him to submit to the test without allowing him to make a telephone call. *Id.,* 521 Pa. at 250, 555 A.2d at 876. The Supreme Court explained the potential confusion that may result from the arresting officer's request to a licensee to submit to a test following *Miranda* warnings and indicated that to reduce such potential confusion which may be created, the following must occur:

Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an

arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

An arrestee is entitled to this information so that his choice to take a breathalyzer test can be knowing and conscious and we believe that requiring the police to qualify the extent of the right to counsel is neither onerous nor will it unnecessarily delay the taking of the test.

*Id.*, 521 Pa. at 252–53, 555 A.2d at 878. Further, in *Commonwealth v. McFadden*, 522 Pa. 100, 559 A.2d 924 (1989), the Supreme Court concluded that the licensee's refusal was not a knowing and conscious one because he was not told that *Miranda* rights did not apply to the test, as required by *O'Connell.* Thus, both *O'Connell* and *McFadden* involved licensees who were advised of *Miranda* rights but were not informed that such rights were inapplicable to the chemical test. This Court now examines the facts presented in this case in light of *O'Connell* and *McFadden.*

The trial court, after noting conflicting testimony, "found Mr. Cartwright's testimony to be less than credible, and accepted the testimony of the two police officers." Trial Court Opinion, p. 5. The trial court's determination as to credibility of witnesses and resolution of conflicting testimony is conclusive in this appeal. Based upon the factual determinations of the trial court which, this Court finds, are supported by substantial evidence in the record, the instant case is distinguishable from *O'Connell* and *McFadden.* Cartwright was requested to submit to the blood test; he refused to submit to the test; and *Miranda* rights were read to him *after* his refusal and after leaving the hospital. Thus, the order of events required to "activate" the *O'Connell* rule is not present in this case.[5] Since *Miranda*

5. The sequence of events in the present controversy is identical to those which occurred in *Luckey v. Commonwealth,* 131 Pa.Common-

warnings were not given prior to the request for Cartwright to submit to the test, nor did he request to speak to an attorney, there existed no possibility that Cartwright could have been confused over his right to speak to his attorney at the time of his refusal. *See also Department of Transportation, Bureau of Driver Licensing v. Tomczak,* 132 Pa.Commonwealth Ct. 38, 571 A.2d 1104 (1990) (mere lack of licensee's awareness of what is needed to be done to avoid a license suspension is not the confusion to which *O'Connell* refers).

Since the question of whether Cartwright's refusal was knowing and conscious is a factual determination to be made by the trial court, and the trial court's findings are supported by substantial evidence, this Court is compelled to conclude that Cartwright has failed to satisfy his burden of showing that he was not capable of making a knowing and conscious refusal.

## ORDER

AND NOW, this 5th day of March 1991, the order of the Court of Common Pleas of Wayne County is hereby affirmed.

wealth Ct. 155, 569 A.2d 1008 (1990), overruled by *Department of Transportation, Bureau of Driver Licensing v. Fiester,* 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990). Because the law does not afford relief to a licensee under the factual circumstances here and in *Luckey,* or in *Department of Transportation, Bureau of Driver Licensing v. Acton,* 132 Pa.Commonwealth Ct. 340, 572 A.2d 868 (1990), also overruled by *Fiester,* it is apparent that *Luckey* and *Acton* were erroneously overruled, and their holdings are therefore reaffirmed by this decision.