598 A.2d 84

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

v.

**Edgar M. WRIGHT, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 14, 1991.

Decided Aug. 19, 1991.

Reargument Denied Oct. 25, 1991.

Timothy P. Wile, Asst. Counsel–in–Charge of Appellate Section, for appellant.

James S. Sorrentino, for appellee.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Lancaster County (trial court) sustaining the appeal of Edgar M. Wright (Appellee) from a one-year suspension of his driver's license under Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1).[1] We reverse.

At an August 28, 1990 de novo hearing before the trial court, West Hempfield Township Police Officers Geier and Brabson testified with regard to the events of April 14, 1990.[2] Officer Geier testified that Appellee was driving erratically and that he pulled over to the side of Route 462 at the entrance ramp to Route 30, only after the officer turned on the police cruiser's overhead lights and siren.

1. That section provides that:
 [i]f any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. Appellee did not testify at the hearing.

Both officers observed Appellee's attempts to perform several field sobriety tests at the scene and opined that Appellee's performance was unsatisfactory. Accordingly, Officer Geier placed Appellee under arrest for driving under the influence of alcohol [3] and asked Appellee if he would submit to a blood alcohol test at the hospital. Officer Geier testified that Appellee responded that he did not care.

Additionally, Officer Geier testified that he advised Appellee at the scene that "he didn't have the right to consult a lawyer or anyone else for the blood alcohol test." N.T. at 9. The officer handcuffed Appellee and transported him to the hospital.

At the hospital, Officer Geier advised Appellee with regard to the implied consent law, as per Section 1547(b)(2) of the Code, 75 Pa.C.S. § 1547(b)(2). Appellee responded that he had a skin disease which might prevent him from giving blood. He requested to speak with his doctor about that potential problem. The police officers refused to permit that contact and recorded a refusal. After the events at the hospital, Officer Geier transported Appellee to the police station and only then advised him as to his *Miranda* rights.[4]

On August 28, 1990, the trial court entered the following order:

AND NOW, August 28, 1990, after hearing the Commonwealth evidence and on motion on behalf of the defense, this appeal is sustained on the grounds that Defendant was not advised of his right to consult a lawyer or other person under the rule of the *O'Connell* case which this Court deems necessary in the interest of fundamental fairness once the Defendant stated he wanted to consult with his physician regarding the taking of blood in view of his skin disease.

Trial court's August 28, 1990 order (footnote omitted).

The issue before us is whether the trial court erred in sustaining Appellee's appeal on the basis of our Supreme

3. Section 3731 of the Code, 75 Pa.C.S. § 3731.
4. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Court's decision in *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989), since the police officer testified that he advised Appellee of the inapplicability of the right to consult counsel or anyone else with regard to chemical testing.

■ We note that our scope of review here is limited to determining whether the trial court abused its discretion, committed an error of law, or whether its findings of fact are supported by substantial evidence. *Department of Transportation, Bureau of Driver Licensing v. Gaul*, 135 Pa. Commonwealth Ct. 491, 581 A.2d 261 (1990).

■ In order for the Department to sustain its burden of proof for suspending Appellee's license, it must prove the following four elements: (1) that the officer arrested Appellee for driving under the influence; (2) that the officer asked Appellee to submit to chemical testing; (3) that the officer advised Appellee that a refusal to take the test would result in a license suspension; and (4) that Appellee refused to submit to the test. *Department of Transportation, Bureau of Driver Licensing v. Iannitti*, 100 Pa.Commonwealth Ct. 239, 514 A.2d 954 (1986). If the Department establishes all four elements, the burden then shifts to Appellee to prove that his refusal was not knowing and conscious. *O'Connell.*

Under *O'Connell*, a police officer is required to clarify when the right to counsel is applicable:

> where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*O'Connell*, 521 Pa. at 252, 555 A.2d at 878.

Here, the trial court sustained Appellee's appeal because the police officer failed to advise Appellee of "his right to

consult a lawyer or other person under the rule of the *O'Connell* case ... once the Defendant stated that he wanted to consult with his physician regarding the taking of blood ..." Trial court's August 28, 1990 order.

 We respectfully find that the trial court misapplied *O'Connell*. Under *O'Connell*, a police officer is required to inform a driver who requests to speak with an attorney or anyone else that he has *no* right to consult anyone with regard to chemical testing. In its order, the trial court seemed to be implying that Appellee had a right to consult with his physician with regard to chemical testing. This is not the law under *O'Connell*.

"With regard to *O'Connell*, we note that:

our Supreme Court ... is clearly mandating, when *either* a licensee requests to speak to someone (either his attorney or someone else) or *Miranda* warnings are given, that an affirmative duty of explanation on the part of the police exists to dispel any reliance by the driver on his/her constitutional right to counsel *even in situations where there is no overt demonstration of confusion* ...."

*Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 349–50, 583 A.2d 31, 35 (1990) (emphasis in original).

The *O'Connell* warning is necessary because there is a constitutional right to consult with an attorney when one is arrested and the possibility exists that an arrestee may mistakenly believe that he has the right to speak to an attorney before submitting to the blood-alcohol test. There is no similar constitutional right to speak to a doctor about one's medical condition during an arrest, and therefore, there is no danger of confusion as envisioned by *O'Connell*. Although our opinion in *Fiester* speaks of the right to speak to an attorney or "someone else," that right to speak to "someone else" must be a request to speak to someone concerning the exercise of the right to remain silent.

In this case the officer clearly advised Wright that he had no right to speak with his attorney or anyone else before he was asked to submit to a blood alcohol test. Nevertheless, Wright refused to take the test and must now endure the consequences.

Accordingly, we reverse and reinstate the driver's license suspension imposed by the Department.

## ORDER

AND NOW, this 19th day of August, 1991, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby reversed and the suspension of Edgar M. Wright's driving privileges imposed by the Department of Transportation is hereby reinstated.