627 A.2d 273

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**Thomas MacMULLAN, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 26, 1993.

Decided June 22, 1993.

A.J. Martin, for appellant.

William A. Kuhar, Jr., for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Thomas MacMullan (MacMullan) appeals the August 19, 1992 order of the Court of Common Pleas of Westmoreland County (Common Pleas) denying his appeal from a one year suspension of his operating privilege pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1).[1]

By notice mailed April 15, 1991, the Department of Transportation, Bureau of Driver Licensing (Department) informed MacMullan that his operating privilege would be suspended because of his refusal to submit to chemical testing. He appealed the suspension to Common Pleas pursuant to Section 1550(a) of the Code, 75 Pa.C.S. § 1550(a).[2] Common Pleas

1. 75 Pa.C.S. § 1547(b)(1) provides:

   If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2. 75 Pa.C.S. § 1550(a) provides: "Any person ... whose operating privilege has been ... suspended ... by the department shall have the right to appeal to the [appropriate common pleas] court...."

conducted a hearing de novo on June 22, 1992, at which MacMullan did not dispute that he had been driving under the influence of alcohol. Rather, MacMullan asserted that he had not made a knowing and conscious refusal to take the breathalyzer test, because he "was confused about the process," specifically with regard to whether he could have a witness observe his breathalyzer test. MacMullan testified that he was confused regarding the consequences of taking the breathalyzer test, but there is no dispute that he was informed that his operating privilege would be suspended for one year if he refused to take the test. There is also no dispute regarding the fact that MacMullan was not given the *Miranda* warning[3] prior to being asked to submit to the breathalyzer test. Finally, there is no dispute that MacMullan did not ask to speak to a lawyer or anyone else prior to submitting to the breathalyzer test. Rather, he testified that he requested that a witness be present when he took the test. According to MacMullan, he was informed by Officer Blaze Giacchino of the Monroeville Police Department that he was not entitled to have a witness present.[4]

On August 19, 1992, Common Pleas issued its opinion and order denying MacMullan's appeal. According to that opinion, both police officers explained the "implied consent law,"[5] to

**3.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Officer Giacchino, who is certified to administer the breathalyzer test, testified at the hearing that MacMullan did not ask to have a witness present. Officer David Brown of the Monroeville Police Department also testified at the hearing. Officer Brown was the arresting officer and was present during the attempted administration of the breathalyzer test. Officer Brown was not asked whether MacMullan requested to have a witness present.

**5.** What is commonly known as the implied consent law is Section 1547(a) of the Code, 75 Pa.C.S. § 1547(a). The implied consent law provides:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been

MacMullan by informing him that he would lose his operating privilege for one year if he refused to submit to the breathalyzer test. Common Pleas determined that MacMullan was incorrect in his argument that he was unable to make a knowing and conscious refusal to submit to the breathalyzer test because he was not adequately informed that he did not have a right to have a witness present during the test. Common Pleas stated:

He was given the Implied Consent Law warning and testified that he understood it, but he simply did not believe it to be the law. This is not the kind of confusion which warrants a more detailed explanation of the law than was given by the police officers in this case. Therefore, [MacMullan's] appeal must be denied.

MacMullan presents the following issue for this Court's review:

Whether [MacMullan] was capable of making a knowing and conscious refusal to submit to the breathalyzer test when, upon his request to have a witness present, the police failed to advise him that he did not have the right to contact anyone before taking the test and that such chemical testing is not a criminal proceeding but is a civil proceeding, even though *Miranda* warnings did not precede the request for chemical testing?

"Our scope of review in license suspension cases is limited to determining whether the trial court's findings of fact are supported by substantial evidence and whether the trial court committed an error of law or abused its discretion." *McCallum v. Commonwealth*, 140 Pa.Commonwealth Ct. 317, 320 n. 3, 592 A.2d 820, 822 n. 3 (1991).

[I]n license suspension cases under Section 1547(b) of the Vehicle Code, the Commonwealth must establish that the

driving, operating or in actual physical control of the movement of a motor vehicle:
   (1) while under the influence of alcohol or a controlled substance or both; or
   (2) which was involved in an accident in which the operator or passenger of any vehicle involved or a pedestrian required treatment at a medical facility or was killed.

driver involved: (1) was arrested for driving while under the influence of alcohol; (2) was asked to submit to a breathalyzer test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his driver's license....

Once the Commonwealth meets its burden, it is the driver's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the test. This is a factual determination which is to be made by the trial court.

*Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 248–49, 555 A.2d 873, 876 (1989) (citation omitted).

MacMullan argues that when a licensee manifests confusion, requesting to speak to a lawyer or someone else prior to submitting to a chemical test, regardless of whether the *Miranda* warning was given, the police must, pursuant to *Department of Transportation, Bureau of Driver Licensing v. Sorg,* 147 Pa.Commonwealth Ct. 82, 606 A.2d 1270, *petition for allowance of appeal denied,* 531 Pa. 657, 613 A.2d 561 (1992), explain the following to the licensee:

1. That the right to counsel is a constitutional right and applies only to criminal proceedings, not to civil proceedings.

2. That the request to submit to chemical testing is not a criminal proceeding, that it is a civil proceeding, but the licensee's refusal to submit to the testing may be introduced in evidence in a subsequent criminal proceeding.

3. That the licensee does not have a right to contact an attorney or anyone else before taking the test nor does he have the right to remain silent as to the testing procedures; that is, a licensee must affirmatively agree to submit to the chemical testing.

*Id.* at 91, 606 A.2d at 1275 (footnote omitted). According to MacMullan, by asking to have a witness present when he took the breathalyzer test, he was manifesting confusion.

We note that our decision in *Sorg* has been modified by our decision in *Department of Transportation, Bureau of Driver Licensing v. Elko*, 155 Pa.Commonwealth Ct. 24, 624 A.2d 717 (1993). In *Elko*, we held that while it is advisable to include a statement that a refusal to submit to a chemical test may be admissible in a later criminal proceeding, that information is not "essential to a knowledgeable decision on whether to submit to a chemical test and may even be an inaccurate statement of the law, or at least an incomplete explanation of the law." *Id.* at 30, 624 A.2d at 720. We held, therefore, that a chemical testing warning which does not reference the use of a refusal in a later criminal proceeding is a sufficient warning.

The Department counterargues that MacMullan's request for a witness to observe his breathalyzer test is not the sort of confusion which triggers the need for the chemical testing warning, which is also known as the *O'Connell* warning.[6] According to the Department, both this Court and the Pennsylvania Supreme Court have consistently held that a police officer is required to give the *O'Connell* warning either when the licensee has been given the *Miranda* warning prior to a chemical test or the licensee has asked to speak to a lawyer or another person before the test. *O'Connell; Mihalaki v. Department of Transportation*, 525 Pa. 332, 580 A.2d 313 (1990); *Department of Transportation, Bureau of Driver Licensing v. Fiester*, 136 Pa.Commonwealth Ct. 342, 583 A.2d 31 (1990), *petition for allowance of appeal denied*, 528 Pa. 632, 598 A.2d 285 (1991).

**6.** The information which *Sorg*, as modified by *Elko*, requires that a licensee exhibiting confusion be told was first required by *O'Connell*, which provides:

> Accordingly, where an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test. *O'Connell*, 521 Pa. at 252, 555 A.2d at 878.

We agree with the Department that MacMullan's request for a witness to observe his taking of the breathalyzer test does not trigger the *O'Connell* warning. In *Department of Transportation, Bureau of Driver Licensing v. Wright,* 142 Pa.Commonwealth Ct. 78, 598 A.2d 84 (1991), *petition for allowance of appeal denied,* 530 Pa. 650, 607 A.2d 259 (1992), we held that it is not necessary to give the *O'Connell* warning when a licensee asks to speak to his or her physician prior to a chemical test. In that case, Mr. Wright, after failing several field sobriety tests, was transported to a hospital for a blood alcohol test. There, he was informed about the implied consent law. Responding that he had a skin disease that might affect his ability to give blood, Mr. Wright requested to speak with his physician. The attending police officers refused to allow him to speak with his physician and recorded a refusal to submit to chemical testing. This Court stated:

> The O'Connell warning is necessary because there is a constitutional right to consult with an attorney when one is arrested and the possibility exists that an arrestee may mistakenly believe that he has the right to speak to an attorney before submitting to the blood-alcohol test. There is no similar constitutional right to speak to a doctor about one's medical condition during an arrest, and therefore, there is no danger of confusion as envisioned by O'Connell. Although our opinion in Fiester speaks of the right to speak to an attorney or 'someone else,' that right to speak to 'someone else' must be a request to speak to someone concerning the exercise of the right to remain silent.

*Wright,* 142 Pa.Commonwealth Ct. at 82, 598 A.2d at 87. We believe that the matter *sub judice* is similar to *Wright,* in that there is no constitutional right to have a witness present when one is asked to submit to a chemical test procedure. Here, as in *Wright,* there was no request to speak to a lawyer or someone else with regard to one's constitutional right to remain silent. MacMullan testified that he wanted to have a witness present, so "that I should have somebody there who could be independent and observe what was going on."

We hold, therefore, that MacMullan did not exhibit the sort of confusion necessary to trigger the *O'Connell* warning and that he was sufficiently informed of the implied consent law and of the consequences for refusing to submit to chemical testing.

Accordingly, the order of the Court of Common Pleas of Westmoreland County is affirmed.

## ORDER

AND NOW, this 22nd day of June, 1993, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.

FRIEDMAN, J., dissents.